Frances **FLANDERS**, Plaintiff,

v.

**ENRON CORPORATION**, Defendant.

No. CIV. A. 97–2652–GTV.

United States District Court,
D. Kansas.

May 20, 1999.

Albert F. Kuhl, Rebecca M. Oland, Law Offices of Rebecca M. Oland, Lenexa, KS, for Frances Flanders, plaintiff.

Robert W. McKinley, Lathrop & Gage L.C., Kansas City, MO, C. Robert Vote, Enron Litigation Unit, Houston, TX, for Enron Corp, defendant.

### *MEMORANDUM AND ORDER*

VANBEBBER, Chief Judge.

Plaintiff Frances Flanders brings this action alleging that defendant Enron Corporation discriminated against her on the basis of age and retaliated against her for filing a charge of age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA). The case is before the court on defendant's motion for summary judgment (Doc. 31). For the reasons set forth below, defendant's motion is granted in part and denied in part.

## I. *SUMMARY JUDGMENT STANDARDS*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *See Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See id.* The court must consider the record in the light most favorable to the party opposing the motion. *See Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984).

## II. FACTUAL BACKGROUND

The following facts are either uncontroverted or are based on evidence submitted with summary judgment papers viewed in a light most favorable to plaintiff. Immaterial facts and facts not properly supported by the record are omitted.

## A. Senior Operations Clerk Position

Plaintiff, who was born April 2, 1945, was fifty-one years old when she was employed by Ref–Chem Corporation. Ref–Chem provided contract services to Enron Gas Processing at its Bushton, Kansas, facility. Enron Gas Processing was an affiliate of defendant until it was sold in March or April 1997. Plaintiff provided administrative assistance in her position at the Enron Gas Bushton facility. While plaintiff was working at the Bushton facility, a senior operations clerk position became available.[1] The selection committee chose to interview nine of the sixty candidates. Plaintiff was one of the nine interviewed, and each of the nine were graded in several subjective categories during the interview. Four other candidates scored higher than plaintiff in the interview process. In September 1996, the selection committee offered the position to Carla Appleby.

Ron Erhardt, who was on the selection committee and the Director of Operations, ranked Appleby as "excellent" in the Team Player category. According to Erhardt, Appleby is "probably about forty" years old. During the interview, Appleby was asked to give an example of what her co-workers might say if they were asked to exemplify Appleby's ability to be a team player. Erhardt testified in his deposition that Appleby did not give an example. Erhardt further testified in his deposition that a person who is an excellent team player ought to be able to give examples of how she is a team player. Erhardt also testified that after the selection committee selected Appleby, she inappropriately shared information which caused the selec-

---

1. Plaintiff originally claimed discrimination for two senior operations clerk positions. In her response to defendant's summary judgment motion, however, plaintiff withdrew her claim of discrimination as to the senior operations clerk position awarded to internal applicant Marsha Folk. Plaintiff specifically reserved her retaliation claim with respect to this position.

tion committee to be concerned about Appleby's confidentiality understanding and ability to be a team player. As a result of these incidences, the selection committee decided that Appleby's offer for the senior operations clerk position would be accompanied by coaching and counseling to address confidentiality and team play.

After plaintiff was not hired for the senior operations clerk positions, she consulted an attorney. In a letter dated November 13, 1996, plaintiff's attorney notified defendant—through its Vice President of Operation—of plaintiff's age discrimination claim. Defendant's legal counsel acknowledged receipt of this letter on November 19, 1996, and responded to the age discrimination claim in a letter dated December 6, 1996. Plaintiff then filed a charge of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission on January 31, 1997. Defendant received notice of the charge on February 4, 1997.

### B. Part–Time Contract Clerk Position

In April 1997, Northern Natural Gas Company, another affiliate of defendant, considered hiring a part-time contract clerk to assist in administrative duties for the Technical Team at the Bushton, Kansas office. Plaintiff submitted a resume for the position, but later told Technical Team leader Mike Peschka that there was a possibility that she might not be interested in a part-time contract position. Plaintiff also mailed a letter to Norma Hasenjager, the Senior Northern Human Resources Representative in Omaha, regarding her interest in the position. Plaintiff telephoned Hasenjager about her interest in the position, but plaintiff never received any response to her calls. Hasenjager testified in her deposition that she cannot

be certain that she received plaintiff's correspondence indicating her interest in the position. Hasenjager participated in filling the part-time contract clerk position.

The Technical Team selected Theresa Kyler for the part-time contract clerk position. Kyler was born February 2, 1956. Kyler's then-current position was with Ref–Chem and was expected to be eliminated. Kyler testified in her deposition that she first learned of the part-time contract clerk position when Technical Team leader Mike Peschka approached her and inquired if she would be interested in the position. Kyler also testified that she never interviewed with anyone for the position, nor did she submit a resume or information concerning her qualifications for the position.

Frank Bonnstetter, Director for the Technical Team in Bushton, approved hiring Kyler based on Human Resources and the Technical Team's recommendation. When Kyler was chosen for the part-time contract clerk position, neither the members of the Technical Team, Hasenjager, nor Bonnstetter knew that plaintiff had filed a charge of discrimination against defendant.

### III. Discussion

■ Plaintiff alleges that defendant failed to hire her for the senior and part-time clerk positions because of her age in violation of the ADEA. The *McDonnell Douglas*[2] burden-shifting analysis applies to claims brought under the ADEA if, as here, plaintiff offers no direct evidence of discrimination.[3] Under the *McDonnell Douglas* framework, plaintiff first must establish a prima facie case of discrimination. *See id.* at 802–03, 93 S.Ct. 1817. If plain-

---

**2.** *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**3.** In its briefing, defendant repeatedly argues that plaintiff's claims must fail because she has not established that age was a determining or motivating factor. Defendant's argument misinterprets the proof scheme at the summary judgment stage. Although plaintiff

must establish this at trial, she need not do so here. *See Randle v. City of Aurora,* 69 F.3d 441, 452 n. 17 (10th Cir.1995) (at the summary judgment stage, the case should go to the finder of fact if plaintiff produces a prima facie case and evidence supporting a finding of pretext); *see also Dunbar v. Board of Directors,* 996 F.Supp. 1086 (D.Kan.1998).

tiff succeeds, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decisions. *See Randle v. City of Aurora,* 69 F.3d 441, 451 (10th Cir.1995). Assuming defendant meets that burden, all presumptions of discrimination drop from the case. *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The burden then shifts back to plaintiff to prove that defendant's proffered reasons for the challenged actions are merely a pretext for discrimination. *See Randle,* 69 F.3d at 451. Plaintiff may clear the summary judgment hurdle by demonstrating "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action" such that a reasonable finder of fact could find the reasons unworthy of belief. *See Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323 (10th Cir.1997).

### A. Senior Operations Clerk Position: Age Discrimination

 To establish a prima facie case of age discrimination based on failure to hire, plaintiff must prove that (1) she belongs to the protected class; (2) she applied for and was qualified for the position; (3) despite her qualifications she was not hired; and (4) defendant filled the position with someone significantly younger to permit an inference of age discrimination. *See Dunbar v. Board of Directors,* 996 F.Supp. 1086, 1091 (D.Kan.1998) (citing *Lewis v. McDonnell Douglas Corp.,* No. 95–1161, 1996 WL 77038, at *3 (10th Cir. February 21, 1996)).

Plaintiff has established a prima facie case of age discrimination for the senior clerk position. When she applied for the position, she was within the protected age class, she was not hired although she was qualified, and the person defendant hired appeared to be more than ten years younger than plaintiff, giving rise to an inference of age discrimination. In response, defendant's proffers that it did not hire plaintiff because four other candidates scored higher than she did in the interview process, especially in the areas of communication and the ability to be a team player. Appleby, the candidate offered the position, scored the highest in those areas.

Plaintiff asserts that defendant's reason is unworthy of belief because Erhardt—one of the selection committee members—admitted in his deposition that during the interview, Appleby was unable to give one example of how she was a team player. Erhardt also admitted that after the selection committee selected Appleby, she inappropriately shared information which caused the selection committee to be concerned about her confidentiality and ability to team play. As a result, the selection committee decided that Appleby's offer for the senior clerk position would be accompanied by coaching and counseling to address confidentiality and team play. The court finds plaintiff's evidence sufficient to raise an inference of pretext, creating a genuine issue of material fact for trial. Accordingly, the court denies summary judgment with respect to this claim.

### B. Part–Time Contract Clerk Position: Age Discrimination

 Plaintiff has established a prima facie case of age discrimination for the part-time clerk position. When she applied for the position, she was within the protected age class, she was not hired although she was qualified, and the person defendant hired was more than ten years younger than plaintiff.

Keeping in line with the *McDonnell Douglas* burden-shifting analysis, defendant's proffers that it hired Kyler because she was about to lose her position with Ref–Chem and because plaintiff was not interested in the part-time position. While the court doubts that defendant's proffered reason qualifies as a legitimate nondiscriminatory reason, plaintiff has nonetheless provided evidence of pretext sufficient to survive summary judgment. Plaintiff disputes defendant's contention that she was not interested in the position or that she withdrew her name from consideration because the position was part-time. More-

over plaintiff has presented evidence that her letter and calls to Human Resources indicating her interest in the position were disregarded. At the very least, the court finds that this amounts to a genuine issue of material fact making summary judgment on this claim inappropriate.

### C. Retaliation

Plaintiff also claims that she was not hired for the part-time clerk position because defendant retaliated against her for filing her charge of discrimination with the KHRC and the EEOC.[4] A plaintiff claiming unlawful retaliation for asserting an ADEA claim also bears the initial burden of establishing a prima facie case. *See Sanchez v. Denver Public Schools,* 164 F.3d 527, 533 (10th Cir.1998). To do so, plaintiff must establish that (1) she engaged in protected opposition to discrimination; (2) defendant undertook adverse action toward her; and (3) a causal connection existed between the protected activity and the adverse employment action. *See id.* (citations omitted). Plaintiff has meet the first two elements of the prima facie case. She filed a charge of discrimination with the KHRC and the EEOC, and she was not hired for the part-time clerk position. There is an issue as to whether there is a causal connection between the two.

Defendant contends that plaintiff has failed to establish a causal connection because none of the decision makers involved in hiring Kyler knew of plaintiff's charge of discrimination. The court agrees. In order to establish a causal connection between her protected activity and defendant's adverse employment action, "plaintiff must show that the individual who. took adverse action against [her] knew of [plaintiff's] protected activity." *Williams v. Rice,* 983 F.2d 177, 181 (10th Cir.1993) (citing *Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 635 (10th Cir. 1988)). The members of the Technical Team, Hasenjager, and Bonnstetter testified in affidavits that they were not aware that plaintiff had filed a charge of discrimination with the KHRC or the EEOC when they hired Kyler for the position. Based on the record before the court, these were the only individuals involved in the hiring decision.

Plaintiff urges the court to disregard these sworn denials because it was common knowledge throughout the Bushton facility that plaintiff had filed an EEOC charge. Moreover, plaintiff has presented evidence that defendant's legal department, which knew of plaintiff's discrimination even before she filed a formal charge, was in direct contact with Hasenjager and Human Resources during the relevant time period. The court, however, is unwilling to impute knowledge of plaintiff's discrimination charges based on plaintiff's conjecture. The speculation of plaintiff's counsel is inadequate to permit an inference of knowledge by the decision makers, especially in light of sworn denials to the contrary. *See Reese v. Owens–Corning Fiberglas Corp.,* 31 F.Supp.2d 908, 920 (D.Kan.1998). The court, in finding that plaintiff has failed to establish a prima facie case of retaliation, grants summary judgment.

IT IS, THEREFORE, ORDERED that defendant Enron Corporation's motion for summary judgment (Doc. 31), is granted with respect to plaintiff's retaliation claim and denied in all other respects.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

---

4. Plaintiff filed her charge of discrimination because she was not hired for either of two available senior clerk positions. While plaintiff's retaliation claim is based on both senior clerk positions, her age discrimination claim is based only on the senior clerk position awarded to Appleby.